# ANDERSON v. SANDS.

### Appeal and Error; Record; Opinion; Costs.

1. Whether a party has included in the transcript parts of a record which are unnecessary to the determination of the case is a question to be

passed upon on the hearing of the case, rather than on motion to limit the transcript of record.

2. Costs unnecessarily incurred by incorporating in the transcript parts of the record not essential to a determination of the case will be adjudged against the party bringing up the record.

3. The opinion of the trial court is· not a part of the record of a case, and should be incorporated in the transcript only when in conformity with rule 5, sec. 1, paragraph (f), it concerns "the judgment, decree, or order appealed from."

No. 397. Original Docket. Submitted January 13, 1913. Decided January 15, 1913.

HEARING upon a motion by the petitioner to limit the transcript of record. *Denied.*

*Mr. Frank J. Hogan* for the motion.

*Mr. Francis P. B. Sands, in propria persona,* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The motion in this case by the petitioner, Henrietta Sands Anderson, is to limit the transcript of record. We do not recognize this as a question which we are necessarily called upon to decide. The rules of the court regulate the form and contents of the transcript of record on appeal. If parties designate parts of a record which are unnecessary to the determination of the case,—a fact that can hardly be passed upon except upon a hearing of the case itself,—the costs unnecessarily incurred will be adjudged against the party bringing up the unnecessary record.

We may call attention to the paragraph (f) of section 1 of rule 5, in regard to incorporating the opinion of the trial court in the transcript. The opinion of the court is not a part of the record of a case, and is only made so by the provisions of the rule which requires that where a "written opinion of the court

below with respect to the judgment, decree, or order appealed from shall be filed, such opinion shall be incorporated in such transcript." We do not understand that one of the opinions designated as part of the transcript in this case comes within that rule. The attention of counsel and the clerk, who is required to make up a transcript in accordance with the rules, is called to that fact.

The motion to limit the transcript is denied.